# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LIVIU GANTEA,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:13-cv-1788-Orl-28DAB**

**ALAN S. APTE,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** November 18, 2013
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **dismissed**.

The *pro se* Plaintiff, apparently unhappy with certain state court proceedings, filed a Complaint (Doc. 1) against state court judge Alan S. Apte. In the instant motion, he seeks to proceed as a pauper. For the foregoing reasons, the motion should be denied and the Complaint dismissed.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees

if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

According to the allegations of the Complaint, "this is a criminal case."  Plaintiff alleges that Judge Apte violated Plaintiff's "human, civil and constitutional rights, violated his oath of office, tort, child abuse, discrimination" (Doc. 1, p. 1).  Plaintiff contends that Judge Apte "gave orders without due process of law" and "refused to proove [sic] jurisdiction when requested." *Id.,* p. 2.  Although the exact nature of the actions is not alleged, it appears that Plaintiff is complaining of an adverse ruling regarding child custody or visitation.[1]  By even the most liberal interpretation of Plaintiff's allegations, this pleading fails to state a cognizable cause of action against Judge Apte.

The suit is explicitly described as a "criminal case," but only the government has authority to prosecute criminal actions. *Stoll v. Martin,* 3:06-cv-180 LACEMT, 2006 WL 2024387, *2-3 (N.D. Fla. July 17, 2006) ("a private citizen cannot initiate a federal criminal prosecution" - collecting cases).  Moreover, "[t]his court cannot direct that a federal prosecution occur; authority to investigate and initiate criminal complaints rests exclusively with federal prosecutors." *Id.*  Therefore, to the extent this pleading purports to be a criminal complaint, it is frivolous as a matter of law and should be dismissed.

To the extent the Complaint can be construed as a civil action for "tort" damages (although none are alleged), if performing a judicial act, judges have absolute immunity from such suits. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray,* 386 U.S. 547 (1967); *Bradley v. Fisher*, 80 U.S.

---

[1] Plaintiff alleges that "two children did not see their father since August 2012 because of this criminal . . .giving unlawful orders, abusing his power . . ." (Doc. 1, p. 3).

335 (1871). Judicial absolute immunity exists despite a charge that the judge acted maliciously or corruptly. *Bradley*, 80 U.S. at 347 ("The purity of [a judge's] motives cannot . . . be the subject of judicial scrutiny."); *Pierson,* 386 U.S. at 554 ("[A judge] should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption."); *Wahl v. McIver,* 773 F.2d 1169, 1172 (11th Cir. 1985) ("It is firmly settled that judges are absolutely immune from civil liability 'for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" (internal citation omitted).) Here, the action complained of, to the extent it can be ascertained, is the issuance of orders in a court proceeding.[2] Although Plaintiff obviously objects to the content of the orders, the issuance of orders constitutes purely official judicial action. *See Stump*, 435 U.S. at 361. Accordingly, absolute judicial immunity bars the suit.

As Plaintiff has failed to allege a cognizable cause of action within the limited jurisdiction of this Court, it is **respectfully recommended** that the motion be **denied** and the Complaint be **dismissed.** As Plaintiff is without standing to bring a criminal action against this Defendant and absolute judicial immunity bars any suit for damages against this Defendant arising out of the state court proceedings, the Court finds that this Complaint is not amenable to amendment. It is therefore **recommended** that the dismissal be with prejudice, and the case be closed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 20, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court takes judicial notice of the pending family law actions against Plaintiff in the state circuit court.

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

Case 6:13-cv-01788-JA-DAB   Document 3   Filed 11/21/13   Page 5 of 5 PageID 11

-5-